UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Basheva Goldberg, *individually and on behalf of all others similarly situated*;<br><br>                                        Plaintiff,<br><br><br><br><br><br>             -v.-<br>Contract Callers, Inc.<br>JH Portfolio Debt Equities, LLC<br>John Does 1-25<br><br>                           Defendants. | Civil Action No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Basheva Goldberg (hereinafter, "Plaintiff" or "Goldberg"), a New York resident, brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Contract Callers, Inc. (hereinafter "Defendant CCI"), and Defendant JH Portfolio Debt Equities, LLC (hereinafter "Defendant JH Portfolio"), individually, and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time,

Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices'." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the majority of acts and omissions surrounding this claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New York consumers under§ 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6.      Plaintiff is seeking damages and declaratory and injunctive relief.

**PARTIES**

7.      Plaintiff is a resident of the State of New York, County of Rockland, residing at 10 Sam Law Drive, Monsey, NY 10952.

8.      Defendant Contract Callers, Inc. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, and is located at 501 Greene Street, 3rd Floor, Suite 302, Augusta, GA 30901.

9.      Upon information and belief, Defendant CCI is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     Defendant CCI is a "debt collector" as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11.     Defendant JH Portfolio Debt Equities, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, and is located at 5757 Phantom Drive #225, Hazelwood, MO 63042.

12.     John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

**CLASS ALLEGATIONS**

13.     Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14.     The Class consists of:

    a.   all individuals with addresses in the State of New York;

    b.   to whom Defendant Contract Callers, Inc. sent an initial collection letter attempting to collect a consumer debt;

c.  on behalf of Defendant JH Portfolio Debt Equities, LLC;

d.  that failed to include the proper disclosures that interest is continuously accruing, when in fact interest was continuously accruing at the time;

e.  or in the alternative, failed to explicitly advise the consumer that the creditor made the decision to waive the continued accrual of interest and fees, and would accept the amount stated on the collection letter as payment in full.

f.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

15.   The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16.   Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17.   There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e and 1692g.

18.   The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the

Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e and §1692g.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor her counsel,

have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23.     Some time prior to June 18, 2018, an obligation was allegedly incurred to Synchrony Bank/RUs MasterCard (hereinafter "Synchrony").

24.     The Synchrony obligation arose out of transactions involving money, property, insurance or services. Specifically, Plaintiff used the alleged Synchrony debt funds primarily for personal, family or household purposes.

25.     The alleged Synchrony obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

26.     Synchrony is a "creditor" as defined by 15 U.S.C. §1692a(4).

27.     Defendant JH Portfolio, a debt collector and the subsequent owner of the Synchrony debt, contracted with the Defendant CCI to collect the alleged debt.

28.     Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.


*Violation – June 18, 2018 Collection Letter*

29.     On or about June 18, 2018, Defendant CCI sent Plaintiff an initial contact notice (the "Letter") regarding the alleged debt owed to Defendant JH Portfolio. *See June 18, 2018 Collection Letter, **attached hereto at Exhibit A.***

30.     When a debt collector solicits payment from a consumer, it must, within five days of an initial communication

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

These disclosures are more commonly known as the "G-Notice".

31.     The FDCPA further provides that ''if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector.'' 15 U.S.C. § 1692g(b).

32.     Although a collection letter may track the statutory language, ''the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.'' <u>Russell v. EQUIFAX A.R.S.</u>, 74 F.3d 30, 35 (2d Cir. 1996) (''It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed.''). Put differently, a notice containing ''language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act.'' <u>Russell</u>, 74 F.3d at 34.

33.     Moreover, the Second Circuit has definitively stated that "we hold that Section 1692e of the FDCPA requires debt collectors, when they notify consumers of their account

balance, to disclose that the balance may increase due to interest and fees. Because plaintiffs allege that defendants failed to disclose that information here, they have stated a claim under the FDCPA." *Avila v Riexinger & Assocs.*, LLC 817 F.3d 72. 74 (2d Cir 2016).

34.     The middle of the June 18, 2018 Collection Letter states:

Total Amount of Debt Due at Charge-Off: $54.15
***Total Amount of Interest Accrued since Charge-Off: $283.05***
Total Amount of Non-Interest Charges or Fees Accrued since Charge-Off: $0.00
Total Amount of Payments Made on the Debt since Charge Off: $0.00
Total Due: $337.50

35.     Defendant's June 18, 2018 Collection Letter fails to include any statement regarding the continuous and ongoing accrual of post charge off interest on Plaintiff's account.

36.     Defendant's June 18, 2018 Collection Letter fails to include the safe harbor language set out by the Second Circuit.

37.     Furthermore, the continuous balance increase of Plaintiff's account overshadows the "g-notice" language and coerces the consumer not to exert her rights under the Fair Debt Collection Practices Act.

38.     The continued accrual of post charge off interest during the initial thirty-day period, as well as, the failure to advise the consumer accordingly, threatens and overshadows the consumer's validations rights.

39.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

40.     Alternatively, Defendant's collection letter was similarly deceptive and misleading in that Defendant failed to explicitly advise the consumer that it had waived the continued accrual of interest and fees, and would accept the amount stated on the collection letter as payment in full.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
### *et seq.*

41.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

43.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44.     Defendants violated §1692e(10):

   a.   By making false and misleading representations in regard to the continuous and ongoing accrual of post charge off interest.

45.     By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.


## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

46.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

48.      Pursuant to 15 USC §1692g, a debt collector:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1. The amount of the debt;

2. The name of the creditor to whom the debt is owed;

3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

49.     The Defendants violated 15 U.S.C. §1692g, by continuously increasing the customer's balance, due to the continuous accrual of post charge-off interest, which overshadows the ''g-notice'' language and coerces the consumer not to exert its rights under the FDCPA for fear of the balance continuing to increase.

50.     Alternatively, the Defendants violated 15 U.S.C. §1692g, by failing to explicitly advise the consumer that the creditor made the decision to waive the continued accrual of interest and fees, and would accept the amount stated on the collection letter as payment in full.

51.     Additionally the Defendants violated 15 U.S.C. §1692g as they specifically misstated the method by which a consumer must dispute a debt.

52.      By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.


## **<u>DEMAND FOR TRIAL BY JURY</u>**

53.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Basheva Goldberg, individually and on behalf of all others similarly situated, demands judgment from all Defendants as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Daniel Kohn, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated: Hackensack, New Jersey
       November 5, 2018

                                  _____ /s/ *Daniel Kohn* _____
                                  By:  Daniel Kohn
                                  **Stein Saks, PLLC**
                                  285 Passaic Street
                                  Hackensack, NJ 07601
                                  Phone: (201) 282-6500
                                  Email: dkohn@steinsakslegal.com
                                  *Attorneys For Plaintiff*